UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACCESS OPTICAL NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY LLC, <br><br> Defendant. | Case No. 24-cv-03745-EKL (VKD) <br><br> **ORDER RE SEALING MOTIONS** <br><br> Re: Dkt. Nos. 52, 60, 62 |

Defendant Seagate Technology LLC ("Seagate") filed two administrative motions to consider whether another party's material should be sealed, in connection with Seagate's motion to compel plaintiff Access Optical Networks, Inc.'s ("AON") disclosure of trade secrets. Dkt. Nos. 52, 62. AON filed statements in support of sealing the material at issue. Dkt. Nos. 57, 65. Seagate filed responses to these statements, opposing sealing. Dkt. Nos. 58, 66. AON separately filed an administrative motion to file certain materials under seal in connection with its opposition to Seagate's motion to compel. Dkt. No. 60. Seagate filed an opposition to this administrative motion. Dkt. No. 61.

As the parties' sealing motions relate to a discovery matter—i.e. whether AON's trade secret disclosure satisfies the requirements of California C.C.P. § 2019.210—the good cause standard applies. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, No. C 13-03644 SI, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014) (noting that "section 2019.210 does not create a procedural device to litigate the ultimate merits of the case" and applying "good cause" standard to sealing of discovery dispute related to trade secret disclosure under this provision) (cleaned up); *see also Ctr. for Auto Safety v. Chrysler Group*, *LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert.*

*denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard requires a "particularized showing," *Kamakana*, 447 F.3d at 1180, "that specific prejudice or harm will result if no protective order is granted," *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). AON, as the party who seeks to maintain certain materials under seal, has the burden of establishing that sealing is warranted. *Kamakana*, 447 F.3d at 1179-80.

AON argues that the information it has identified should be sealed because it concerns "proprietary knowledge, techniques, parameters, and optimized properties related to magnetic data storage operations, media optimization, dopant properties, and near-field optics." Dkt. No. 57 at 3; Dkt. No. 60 at 2; Dkt. No. 65 at 2. AON explains that the information sought to be sealed "reflect[s] specific technical know-how developed through more than a decade of research and significant financial investment" and that AON would suffer significant competitive harm if the information is publicly disclosed. Dkt. No. 57 at 3; Dkt. No. 60 at 2-3; Dkt. No. 65 at 2-3. Seagate's principal objection to AON's sealing requests is that AON has not made an adequate evidentiary showing, but relies solely on declarations from individuals without personal knowledge. Dkt. No. 58 at 2-3; Dkt. No. 61 at 2-3; Dkt. No. 66 at 1.

Having considered the parties' arguments, the Court agrees that good cause exists to seal the text of AON's alleged trade secrets and non-generic technical terminology included in the briefing. However, the Court concludes that AON has not shown good cause to seal generic technical terms and other commonly used phrases when such terms and phrases appear separately in text, and not in the context of an alleged trade secret. Accordingly, the Court grants, in part, and denies, in part, AON's requests to seal as follows:

| Document | Portion for Which Sealing Is Sought and Ruling |
|---|---|
| ECF No. 53 (Seagate's Motion to Compel) | Passages on pages:<br>• 3:11 **DENIED**<br>• 5:8-10, 17 **DENIED**<br>• 9:21-23 **DENIED**<br>• 15:3-7 **DENIED**, 10-11 **DENIED**, 14-16 **DENIED**, 24-26 |

| | |
|---|---|
| | • GRANTED<br>• 16:6-9 **GRANTED**<br>• 17:1-5 **GRANTED**, 10-24 **GRANTED**<br>• 18:4-27 **GRANTED**<br>• 19:1-2 **GRANTED**, 3-4 **DENIED**, 7-8 **GRANTED**, 11-28 **GRANTED**<br>• 20:1-3, 5-6, 9-25 **GRANTED**, 26 **DENIED**<br>• 21:1 **DENIED**, 13-17 **GRANTED**, 26-27 **DENIED** |
| ECF No. 53-2 (Exhibit A to Seagate's Motion to Compel; AON's March 11, 2025 Section 2019.210 Trade Secret Disclosure) | Entire Exhibit **GRANTED** |
| ECF No. 53-3 (Exhibit B to Seagate's Motion; AON's February 7, 2025 Section 2019.210 Trade Secret Disclosure) | Entire Exhibit **GRANTED** |
| ECF No. 53-4 (Exhibit C to Seagate's Motion to Compel; Seagate's February 14, 2025 Letter to AON | Passages on pages:<br>• 1 **DENIED**<br>• 2 **DENIED** |
| ECF No. 53-9 (Exhibit H to Seagate's Motion to Compel; Seagate's March 21, 2025 Letter to AON) | Passages on pages:<br>• 2 **DENIED**<br>• 3 **DENIED**<br>• 4 **GRANTED** (except as to "knowledge")<br>• 5 **DENIED** |
| ECF No. 59 (AON's Response to Seagate's Motion to Compel and for Protective Order) | Passages on pages:<br>• 10:15–21, 25–27 **GRANTED**<br>• 11:1, 5–10 **GRANTED**<br>• 12:7–12, 18–23, 26–27 **GRANTED**<br>• 13:1–4 **GRANTED**<br>• 14:24–28 **GRANTED**<br>• 15:2–25 **GRANTED**<br>• 16:2–28 **GRANTED**<br>• 17:2–21 **GRANTED**<br>• 18:3–11 **GRANTED**<br>• 19:8-12, 13 **DENIED**, 14-18 **GRANTED** (except as to "such as")<br>• 21:27 **DENIED**<br>• 22:3 **DENIED** |
| ECF No. 63 (Seagate's Reply) | Passages on pages:<br>• 6:24, 26-27 **DENIED**<br>• 7:2-3, 5-7 **DENIED**<br>• 8:19-23 **DENIED**, 25 **GRANTED**<br>• 9:7-9 **DENIED**, 11-12 **GRANTED**, 17-19 **DENIED**<br>• 11:11-13 **DENIED** |

3

AON and Seagate shall file public redacted versions of their respective briefing in compliance with this order by **July 23, 2025.**

**IT IS SO ORDERED.**

Dated: July 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge