1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8    ACCESS OPTICAL NETWORKS, INC.,        Case No.  24-cv-03745-EKL (VKD)

9              Plaintiff,

10         v.                              **ORDER RE AUGUST 22, 2025
                                           DISCOVERY DISPUTE RE
11   SEAGATE TECHNOLOGY LLC,               SEAGATE'S INTERROGATORIES
                                           NOS. 1, 2, 4, AND 12**
11             Defendant.
                                           Re: Dkt. No. 105
12

13

14         Plaintiff Access Optical Networks, Inc. ("AON") and defendant Seagate Technology LLC

15   ("Seagate") ask the Court to resolve a dispute regarding AON's responses to Seagate's

16   Interrogatories Nos. 1, 2, 4, and 12.  Dkt. No. 105.  The Court finds this matter suitable for

17   resolution without oral argument.  Civil L.R. 7-1(b).

18         For the reasons explained below, the Court orders AON to amend or supplement its

19   responses to Interrogatories Nos. 1, 2, and 12.  The Court does not require AON to amend or

20   supplement its response to Interrogatory No. 4 at this time.

21   **I.    BACKGROUND**

22         In this action, AON alleges that it owns trade secret information relating to holographic

23   data storage ("HDS") technology.  *See* Dkt. No. 39 ¶ 1.  It contends that between 2012 and 2015,

24   it shared trade secrets and confidential information with Seagate pursuant to certain non-disclosure

25   agreements, which Seagate has used to accelerate its development of its own technology.  *Id.* ¶¶ 4-

26   6, 40, 47, 53-55 & Exs. D-F.  AON asserts three claims against Seagate: (1) trade secret

27   misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code

28   § 3426 *et seq.*; (2) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"),

United States District Court
Northern District of California

United States District Court
Northern District of California

1    18 U.S.C. § 1836 *et seq.*; and (3) breach of contract. *See generally* Dkt. No. 39.

2        In discovery, AON has identified as many as 76 alleged trade secrets that it contends it

3    disclosed to Seagate and that Seagate used without authorization. Dkt. No. 105 at 1; *see also* Dkt.

4    No. 119 at 2. Seagate seeks discovery of the bases for AON's allegations, and in support of its

5    own defenses to AON's claims, by means of the following interrogatories:

6        INTERROGATORY NO. 1: For each Alleged Trade Secret,
7        describe fully and in complete detail all facts and circumstances
         regarding the disclosure(s) of the Alleged Trade Secret to Seagate.
8        To be complete, Your answer must include identification of each
         and every date such Alleged Trade Secret was disclosed to Seagate,
9        the Person(s) who disclosed it, the Person(s) to whom it was
         disclosed, the manner of disclosure (e.g., orally, visually, via
10       telephone or email, in writing, etc.), the purpose(s) for which the
         Alleged Trade Secret was disclosed, and any steps taken by You to
11       notify Seagate that the Alleged Trade Secret was confidential, would
         be reasonably interpreted to be confidential under the circumstances,
12       or was otherwise subject to the Seagate NDAs.

13       INTERROGATORY NO. 2: For each Alleged Trade Secret that has
14       been disclosed, in full or in part, to any third party, describe fully
         and in complete detail all facts and circumstances regarding the
15       disclosure(s) to each such third party, including the identity of all
         third parties to whom You have disclosed the Alleged Trade Secret,
16       the date(s) of such disclosure(s), the manner of such disclosure(s),
         the purpose(s) of such disclosure(s), and any non-disclosure or
17       confidentiality obligations such third party undertook in relation to
18       such disclosure(s).

19       INTERROGATORY NO. 4: For each Alleged Trade Secret,
20       describe the complete factual and legal basis for Your contention
         that Seagate misappropriated such Alleged Trade Secret. To be
21       complete, Your answer must include identification of all facts,
         Persons with knowledge, and Documents that support Your
22       contention, identification of all Person(s) You contend participated
         in such misappropriation, a description with specificity the alleged
23       acts of misappropriation, and a description of when and how each
24       such alleged misappropriation took place.

25       INTERROGATORY NO. 12: For each patent, patent publication,
         or patent application that You contend discloses, incorporates, or
26       derives from any Alleged Trade Secret, identify the specific trade
         secret(s) at issue, the portions of the patent, publication, or
27       application (including claim numbers, figures, and specification
         sections) that purportedly reflect those trade secrets, and state in

28

United States District Court
Northern District of California

1

detail all facts supporting Your contention.

2

Dkt. No. 105-1.

3

AON has answered each interrogatory.  The parties disagree about whether AON's

4

answers are sufficient.

5

## II.     DISCUSSION

6

AON does not object to any of the disputed interrogatories.  Nor does it dispute that it is

7

required to answer each interrogatory fully and completely based on information in its possession,

8

custody, or control.  Rather, AON argues that Seagate's demand for "exhaustive, trade-secret-by-

9

trade-secret supplemental interrogatory responses" is "premature," and that it should be permitted

10

to supplement its responses "as discovery progresses."  Dkt. No. 105 at 4.  The Court considers

11

each disputed interrogatory separately.

12

### A.     Interrogatory No. 1 – Disclosure to Seagate

13

AON's answer to Interrogatory No. 1 refers, collectively, to all of its alleged trade secrets

14

and identifies several dates and occasions on which these alleged trade secrets were "primarily"

15

disclosed to Seagate.  In addition, AON refers generally to information it disclosed in writing, as

16

well as "[o]ral, visual, and supplemental disclosures" made in "confidential meetings,

17

demonstrations, and discussions."  AON also identifies the principal people who disclosed the

18

alleged trade secrets and the principal Seagate personnel who received the disclosures.  However,

19

AON has not responded to this interrogatory on a trade secret-specific basis.  Seagate argues that it

20

is entitled to such a response.

21

The Court agrees with Seagate that AON must answer this interrogatory for each alleged

22

trade secret.  AON does not require discovery from Seagate to answer the question of what *AON*

23

disclosed to Seagate and the circumstances of the disclosure.  This information is entirely within

24

AON's possession, custody, or control, as is evident from the information AON *has* disclosed in

25

its current answer to this interrogatory.  While AON may (indeed, must) timely supplement its

26

answer if it later learns that its response is materially incomplete or incorrect, *see* Fed. R. Civ. P.

27

26(e)(1), it may not wait to see what Seagate produces in discovery before answering fully and

28

completely, based on the information currently in its possession, custody, or control.

1    Because it is apparent that AON has not fully and completely answered Interrogatory No.

2    1, the Court orders it to provide an amended or supplemental response to this interrogatory by

3    **October 1, 2025**.

4            **B.     Interrogatory No. 2 – Disclosures, If Any, to Third Parties**

5    AON has provided a qualified answer to Interrogatory No. 2, stating "*[t]o the extent that*

6    *AON has disclosed portions of certain Alleged Trade Secrets to third parties,* it has done so under

7    nondisclosure agreements or equivalent confidentiality obligations."  Dkt. No. 105-1 at ECF 6.

8    While AON identifies ten third parties to whom it might have disclosed its alleged trade secrets, it

9    does not answer whether it has, in fact, disclosed any trade secrets to any third party.  And

10    assuming it has made such disclosures, AON does not identify which alleged trade secrets were

11    disclosed to which third parties, or when and under what circumstances the disclosures were made.

12    Seagate argues that it is entitled to a complete, unqualified answer to this interrogatory.

13    In its portion of the joint discovery dispute letter, AON says that it has agreed to produce

14    its NDAs with these third parties and "additional detail under Fed. R. Civ. P. 33(d)."  Dkt. No. 105

15    at 6.  However, it is unclear whether the documents AON plans to produce will identify which

16    trade secrets were disclosed to which third parties.

17    The Court agrees with Seagate that AON's answer is insufficient.  As with Interrogatory

18    No. 1, the information sought by Interrogatory No. 2 is entirely within AON's possession,

19    custody, or control.  While AON is correct that it must answer based on information that is

20    reasonably available to it, it has an obligation to *investigate* what that information is.  AON does

21    not require discovery from Seagate (or anyone else) to answer this interrogatory but should be able

22    to determine from its own records which trade secrets were disclosed to which third parties.

23    Again, AON's obligation to timely supplement its answer does not permit it to delay answering

24    the interrogatory in the first instance.

25    AON must provide an amended or supplemental response to this interrogatory by **October**

26    **1, 2025**.

27            **C.     Interrogatory No. 4 – Misappropriation Contentions**

28    AON has answered Interrogatory No. 4 at some length and in some detail, but it has not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    answered on a trade secret-specific basis.  AON argues that Interrogatory No. 4 is a contention

2    interrogatory and that it should not be required to supplement its answer further "before

3    substantial discovery."  Dkt. No. 105 at 6-7.  Seagate argues that AON should be required to

4    disclose the factual basis for its misappropriation contention for each individual trade secret.  *Id.* at

5    3.

6          The Court agrees with AON that Interrogatory No. 4 is a contention interrogatory.  As a

7    general matter, a party may obtain answers to contention interrogatories after substantial discovery

8    is completed or if it shows that obtaining answers now would contribute meaningfully to: "(1)

9    clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early

10   settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56."

11   *In re eBay Seller Antitrust Litig.*, No. 07-1882 JF (RS), 2008 WL 5212170, at \*1 (N.D. Cal. Dec.

12   11, 2008) (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)).

13   These guidelines must not be employed rigidly; the Court must make a determination on a case-

14   by-case basis.  *Id.*

15         AON has not demonstrated that it is entitled to a more detailed answer to Interrogatory No.

16   4 at this time.  Unlike Interrogatories Nos. 1 and 2, Interrogatory No. 4 cannot be answered solely

17   based on information in AON's possession.  Once Seagate has made a more substantial production

18   of responsive documents and information, AON will need to supplement its response to

19   Interrogatory No. 4.  It need not do so at this time.

20         **D.      Interrogatory No. 12 – Seagate's Patent Documents**

21         Like Interrogatory No. 4, Interrogatory No. 12 is a contention interrogatory.  AON has

22   answered Interrogatory No. 12 by essentially copying the text of paragraphs 57-61 of the second

23   amended complaint, without more.  *Compare* Dkt. No. 39 ¶¶ 57-61 *with* Dkt. No. 105-1 at ECF

24   11-14.  AON does not really explain why it cannot answer Interrogatory No. 12 on a trade secret-

25   specific basis at this time; it argues only that it has disclosed sufficient information to put Seagate

26   "on notice" of which portions of Seagate's patents and patent applications "incorporate or derive

27   from" AON's confidential technology.  Dkt. No. 105 at 7.

28         The Court agrees with Seagate that AON should provide a more specific response to

United States District Court
Northern District of California

1    Interrogatory No. 12.  First, this interrogatory seeks additional information about specific

2    allegations of fact that AON has already made in its second amended complaint.  Second,

3    according to Seagate, AON's answer to this interrogatory will inform Seagate's prosecution of its

4    counterclaims relating to inventorship.  *See* Dkt. No. 105 at 3.  AON does not respond to this

5    argument.  Third, AON does not require discovery from Seagate to answer the question of which

6    AON trade secrets are reflected in the specific portions of Seagate's patent documents that AON

7    cites in its current response to this interrogatory; AON already has all of the information necessary

8    to provide a response.  *See, e.g., Rubalcava v. City of San Jose*, No. 20-cv-04191-BLF (VKD),

9    2022 WL 2668379, at *3 (N.D. Cal. July 11, 2022) (requiring response to contention interrogatory

10   seeking factual basis of specific allegations in complaint).  The Court is not persuaded that

11   requiring AON to provide a trade secret-specific answer to this interrogatory would impose a

12   substantial burden on it or require it to provide "expert-level analysis," given the allegations it has

13   already made.  *See* Dkt. No. 105 at 7.

14        AON must provide an amended or supplemental response to this interrogatory by **October**

15   **1, 2025**.

16   **III.    CONCLUSION**

17        AON must amend or supplement its responses to Interrogatories Nos. 1, 2, and 12 by

18   **October 1, 2025**.  The Court does not require AON to amend or supplement its response to

19   Interrogatory No. 4 at this time.

20        **IT IS SO ORDERED.**

21   Dated: September 25, 2025

22

23

24                                          Virginia K. DeMarchi
                                            United States Magistrate Judge

25

26

27

28

6