**PILLSBURY WINTHROP SHAW PITTMAN LLP**

MICHAEL E. ZELIGER (271118)
michael.zeliger@pillsburylaw.com
RANJINI ACHARYA (290877)
ranjini.acharya@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone:      650.233.4500
Facsimile:      650.233.4545

MICHAEL H. BOROFSKY
(TX Bar No. 24101534; *pro hac vice*)
michael.borofsky@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701
Telephone: 512.580.9600
Facsimile: 512.580.9601

MARK D. LITVACK (183652)
mark.litvack@pillsburylaw.com
725 South Figueroa Street, Suite 3600
Los Angeles, CA 90017-5524
Telephone:      213.488.7100
Facsimile:      213.629.1033

MATTHEW GRILLO
(NY Bar No. 6121487; *pro hac vice*)
matthew.grillo@pillsburylaw.com
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212.858.1000
Facsimile: 212.585.1500

Attorneys for Plaintiff
ACCESS OPTICAL NETWORKS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCESS OPTICAL NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEAGATE TECHNOLOGY LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:24-cv-03745-EKL-VKD<br><br>**UNOPPOSED ADMINISTRATIVE MOTION PER CIVIL L.R. 7-11 BY PLAINTIFF ACCESS OPTICAL NETWORKS, INC. TO STAY DISCOVERY PENDING RESOLUTION OF SEAGATE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Honorable Eumi K. Lee |
| SEAGATE TECHNOLOGY LLC, a Delaware limited liability company,<br><br>Cross-Complainant,<br><br>vs.<br><br>ACCESS OPTICAL NETWORKS, INC., a Delaware corporation,<br><br>Cross-Defendant. | |

4907-2940-1712

Pursuant to Civil L.R. 7-11, Plaintiff Access Optical Networks, Inc. ("AON") respectfully requests an order staying all discovery in this case pending the Court's resolution of Seagate's Motion for Summary Judgment. Defendant Seagate Technology LLC ("Seagate") does not oppose this request.

Good cause exists to grant AON's motion. As the Court may be aware, Glenn Gladney, the Chief Executive Officer of AON, is the primary source for much of the factual information that underlies the parties' claims and defenses in this case. AON's counsel previously advised Seagate that Mr. Gladney ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ Since then, AON's counsel has learned and advised Seagate that ███████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████ in order for AON to be able to timely address the Court's September 22, 2025 Order on Seagate's Second Motion to Compel (Dkt. No. 120); the Court's September 29, 2025 Order on the Parties Discovery Dispute (Dkt. No. 123); the factual issues identified in Seagate's pending Motion for Summary Judgment (Dkt. No. 121); and numerous other pending discovery items.

Although AON previously opposed Seagate's proposal to stay discovery pending Seagate's Motion for Summary Judgment, subsequent events have made it apparent that AON faces substantial risk of material prejudice if it is forced to proceed on the current discovery schedule.

Accordingly, AON's counsel sought agreement from Seagate's counsel to stay all discovery pending the Court's resolution of Seagate's Motion for Summary Judgment. Seagate has agreed not to oppose AON's motion on the following conditions: (1) if Seagate's Motion for Summary Judgment is not granted, AON will serve its amended trade secrets disclosure and amended responses to Seagate's Interrogatories Nos. 1, 2, and 12 within five (5) days of the Court's order on Seagate's Motion for Summary Judgment; and (2) because the relief requested herein affects the other deadlines in this case, including the schedule for this case overall, the parties have agreed to request

1

that the current case deadlines set forth in the Amended Scheduling Order (Dkt. No. 115) be vacated and, if Seagate's Motion for Summary Judgment is not granted, then within one week from the Court's order on Seagate's Motion for Summary Judgment, the parties shall confer and submit to the Court a proposed revised case schedule, including a new trial date.  AON has agreed to Seagate's conditions.

Seagate has also previously stipulated that, if Seagate's Motion for Summary Judgment is not granted, Seagate will have one week from the service of AON's amended trade secrets disclosure by which to answer AON's first set of interrogatories to Seagate.

AON and Seagate have also stipulated that the briefing schedule set by this Court on Seagate's Motion for Summary Judgment does not need to be changed.

There have been three previous time modifications to the Court deadlines in this case.  (Dkt. Nos. 74, 115, 126).

Accordingly, AON requests, and Seagate does not oppose, that all discovery in this case be stayed pending resolution of Seagate's Motion for Summary Judgment.  AON further requests, and Seagate does not oppose that, in the event that the Court does not grant Seagate's Motion for Summary Judgment, the Court directs: (1) AON to serve its amended trade secrets disclosure as directed in the Court's September 22, 2025 Order (Dkt. 120) and its amended responses to Seagate's Interrogatories Nos. 1, 2, and 12 in accordance with the Court's September 29, 2025 Order (Dkt. 123), within five (5) days of the Court's order on Seagate's Motion for Summary Judgment; and (2) the parties submit to the Court a proposed revised case schedule within one week of the Court's order on Seagate's Motion.

Pursuant to Civil L.R. 7-11(a) and 7-12, AON met and conferred with Seagate prior to filing this motion, and Seagate confirmed that it does not oppose the relief requested herein, but has requested that AON file this as an unopposed motion rather than a stipulation.

Date: October 6, 2025                  Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Ranjini Acharya*
　　Ranjini Acharya
　　*Attorneys for Plaintiff*
　　*Access Optical Networks, Inc.*

2