UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACCESS OPTICAL NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY LLC, <br><br> Defendant. | Case No. 24-cv-03745-EKL   (VKD) <br><br> **ORDER RE SEALING MOTIONS** <br> Re: Dkt. Nos. 78, 86, 90, 104, 125 |

Before the Court are the parties' administrative motions to file under seal in connection with defendant Seagate Technology LLC's ("Seagate") motion to compel adequate trade secret disclosures and for sanctions (Dkt. No. 79), a discovery dispute regarding plaintiff Access Optical Networks, Inc.'s ("AON") responses to Seagate's Interrogatories Nos. 1, 2, 4, and 12 (Dkt. No. 105), and a joint stipulation requesting an order extending AON's time to comply with the Court's September 25, 2025 order regarding Seagate's Interrogatories Nos. 1, 2, and 12 (Dkt. No. 124). *See* Dkt. Nos. 78, 86, 90, 104, 125.

The sealing motions are granted in part and denied in part for the reasons discussed below.

**I.  LEGAL STANDARD**

As the parties' sealing motions relate to discovery matters, the good cause standard applies. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, No. C 13-03644 SI, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014) (noting that "section 2019.210 does not create a procedural device to litigate the ultimate merits of the case" and applying "good cause" standard to sealing of discovery dispute related to trade secret disclosure under this provision) (cleaned up); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom FCA U.S. LLC*

*v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016)*; Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard requires a "particularized showing," *Kamakana,* 447 F.3d at 1180, "that specific prejudice or harm will result" if no protective order is granted, *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The party who seeks to maintain certain materials under seal has the burden of establishing that sealing is warranted. *Kamakana*, 447 F.3d at 1179-80.

## II. DISCUSSION

The Court's rulings on the sealing motions are set forth below.

### A. Parties' Motions to Seal re Seagate's Motion to Compel Adequate Trade Secret Disclosures and for Sanctions

Seagate filed two administrative motions to consider whether another party's material should be sealed in connection with Seagate's motion to compel adequate trade secret disclosures and for sanctions. Dkt. Nos. 78, 90. AON filed statements in support of sealing the material at issue. Dkt. Nos. 82, 92. Seagate filed responses to these statements, opposing sealing of information and exhibits that the Court had not already ordered to be sealed. Dkt. Nos. 83, 95; *see also* Dkt. No. 81. AON separately filed an administrative motion to file portions of its opposition to Seagate's motion to compel under seal. Dkt. No. 86. Seagate filed an opposition to this administrative motion. Dkt. No. 89.

The Court grants AON's requests to seal material that the Court previously ordered to be sealed in its July 9, 2025 order. *See* Dkt. No. 81. As to the other material not addressed in the Court's prior order, AON argues that the material it has identified should be sealed because it concerns "proprietary knowledge, techniques, parameters, and optimized properties related to magnetic data storage operations, media optimization, dopant properties, and near-field optics." Dkt. No. 82 at 4. AON explains that the information sought to be sealed "reflect[s] specific technical know-how developed through more than a decade of research and significant financial investment" and that AON would suffer significant competitive harm if the information is publicly

1  disclosed. *Id.*; Dkt. No. 92 at 3-4.  Seagate's principal objection to AON's sealing requests is that
2  AON has not made an adequate evidentiary showing, but relies solely on declarations that do not
3  address any of the new information that AON seeks to seal.  Dkt. No. 83 at 1-2; Dkt. No. 89 at 2;
4  Dkt. No. 95 at 2-3.
5        Having considered the parties' arguments, the Court agrees that good cause exists to seal
6  the material that it previously determined should be sealed, as well as additional new material that
7  includes the text of AON's alleged trade secrets and non-generic technical terminology.  However,
8  the Court concludes that AON has not shown good cause to seal generic technical terms and other
9  commonly used phrases when such terms and phrases appear separately in text, and not in the
10 context of an alleged trade secret.  Accordingly, the Court grants, in part, and denies, in part,
11 AON's requests to seal as follows:

| Document | Portion for Which Sealing Is Sought and Ruling |
|---|---|
| Dkt. No. 79 (Seagate's Motion to Compel Adequate Trade Secret Disclosures and for Sanctions) | Passages on pages:<br>• 4:8 **DENIED**<br>• 5:9-17 **GRANTED**, 24 **DENIED**, 25-28 **GRANTED**<br>• 6:2-4 **GRANTED**, 9 **DENIED**, 22-28 **GRANTED** (except as to "seek leave" and "unilaterally try and amend")<br>• 7:1-11 **GRANTED**, 13-14 **DENIED**<br>• 8:9-17 **GRANTED**<br>• 11:6-7 **DENIED**, 17-20 **GRANTED** (except as to "Optical Components"), 22-23 **DENIED**, 25-27 **GRANTED** (except as to "Optical Components")<br>• 12:6-10 **GRANTED**, 13 **DENIED**, 15 **GRANTED**, 20 **DENIED**, 23-28 **GRANTED** (except as to "Optical Components")<br>• 13:1-6 **GRANTED** (except as to "Optical Components"), 8-10 **GRANTED**, 12-14 **GRANTED** (except as to "Optical Components"), 17 **DENIED**, 24 **DENIED**<br>• 14:21-28 **GRANTED**<br>• 15:1-7 **GRANTED**, 13-14 **DENIED**<br>• 16:11-16, 19-20, 24-25, 28 **GRANTED**<br>• 17:3, 7, 9-11, 13-15, 25-27 **GRANTED**<br>• 18:15-23 **GRANTED**, 26 **DENIED**<br>• 19:4 **GRANTED**, 16 **DENIED**, 22-23 **DENIED**<br>• 20:15-16 **DENIED**, 22-23 **GRANTED** (except as to "Optical Components")<br>• 21:2-3 **GRANTED** (except as to "recording medium"), 6 **GRANTED**, 10-13 **GRANTED**, 15-17 **GRANTED**, 20-23 |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | | **GRANTED**, 27-28 **DENIED**<br>• 23:5-7 **DENIED**, 9-10 **DENIED**, 14-15 **GRANTED** (except as to "recording media"), 17-18 **GRANTED**, 20-21 **GRANTED** (except as to "light source"), 23 **DENIED**, 25-27 **DENIED**<br>• 24:1-3 **GRANTED** (except as to "light or light sources"), 5 **GRANTED**, 10 **GRANTED** (except as to "recording media, light source"), 15-16 **DENIED**, 20-21 **DENIED**, 26-27 **DENIED** |
| | Dkt. No. 79-1 (Declaration of Lauren Linderman in Support of Seagate's Motion to Compel "Linderman Decl.") | Portions of ¶ 6 **GRANTED** (except as to "Optical Components") |
| | Dkt. No. 79-2 (Exhibit A to Linderman Decl.; AON's February 7, 2025 Section 2019.210 Trade Secret Disclosure) | Entire Exhibit **GRANTED** |
| | Dkt. No. 79-3 (Exhibit B to Linderman Decl.; AON's March 11, 2025 Section 2019.210 Trade Secret Disclosure) | Entire Exhibit **GRANTED** |
| | Dkt. No. 79-4 (Exhibit C to Linderman Decl.; AON's June 6, 2025 Section 2019.210 Trade Secret Disclosure) | Entire Exhibit **GRANTED** (except as to preamble; 2 n.2 "In accordance with the Court's Order (Dkt. 69), AON clarifies that this trade secret is distinguishable from public references because the public references"; 8 n.3 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that this trade secret is distinguishable from public references"; 12 n.4 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that its trade secret is distinguishable from public references because the public references"; 12 n.5 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that its trade secret is distinguishable from public references"; "Optical Components") |
| | Dkt. No. 79-5 (Exhibit D to Linderman Decl.; Seagate's June 9, 2025 Letter to AON) | Passages on pages:<br>• 1 **GRANTED** (except as to "Optical Components")<br>• 2 **GRANTED** (except as to "Optical Components," "components that may be used to achieve a result," "clarify[y]," "distinguishable from public references," and "independent, self-contained, and severable trade secrets")<br>• 3 **GRANTED** (except as to "Optical Components") |
| | Dkt. No. 79-6 (Exhibit E to Linderman Decl.; June 30, 2025 Section | Entire Exhibit **GRANTED** (except as to preamble; 2 n.2 "In accordance with the Court's Order (Dkt. 69), AON clarifies that this trade secret is distinguishable from public references because the |

4

| | | |
|---|---|---|
| 2019.210 Trade Secret Disclosure) | public references"; 8 n.3 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that this trade secret is distinguishable from public references"; 11 n.4 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that its trade secret is distinguishable from public references because the public references"; 12 n.5 "In accordance with the Court's Order dated May 27, 2025 (Dkt. 69), AON clarifies that its trade secret is distinguishable from public references"; "Optical Components") | |
| Dkt. No. 87 (AON's Opposition to Seagate's Motion to Compel) | Passages on pages:<br>• 2:9–11 **DENIED**<br>• 11:13–14, 16–20, 23–24, 27 **GRANTED** (except as to "Optical Components")<br>• 12:1–2 **GRANTED**, 14–16 **GRANTED** (except as to "the particular optical components"), 18–22 **GRANTED** (except as to "four functions"), 25–27 **GRANTED**<br>• 13:1 **GRANTED**, 4–6 **GRANTED** (except as to "Optical Components"), 21–26 **GRANTED**<br>• 14:8–11, 13–14, 17–22, 24–27 **GRANTED**<br>• 15:1 **GRANTED**<br>• 16:1–7 **GRANTED**, 11–13 **GRANTED**, 27 **DENIED**<br>• 17:2–3 **GRANTED** (except as to "recording media"), 7 **GRANTED**, 9–19 **GRANTED** (except as to "Optical Components"), 26–27 **DENIED**<br>• 18:1–3, 6–7, 11, 15 **DENIED** | |
| Dkt. No. 91 (Seagate's Reply in Support of Its Motion to Compel) | Passages on pages:<br>• i:8, 15, 16 **DENIED**<br>• 1:6 **DENIED**<br>• 3:2-4, 14-19, 23 **DENIED**<br>• 4:4-5 **GRANTED**, 9-12 **GRANTED** (except as to "recording medium" and "Optical Components"), 14 **GRANTED**, 16-18 **GRANTED** (except as to "Optical Components"), 21-23 **GRANTED**<br>• 5:5-6 **DENIED**<br>• 7:4 **DENIED**, 5 **DENIED**, 9-10 **GRANTED** (except as to "Optical Components"), 15-21 **GRANTED**<br>• 8:1-2 **DENIED**, 7-9 **GRANTED** (except as to "Optical Components"), 12-14 **DENIED**, 21-24 **GRANTED**, 27-28 **DENIED**<br>• 10:9-10, 21-22, 27-28 **DENIED**<br>• 11:2-3, 5, 11-14, 27-28 **DENIED**<br>• 14:5-6 **GRANTED** (except as to "recording media," "recording medium," and "light output"), 8 **GRANTED** (except as to "recording media, light source"), 17-18 **GRANTED** (except as to "recording medium"), 20 **DENIED**, 22 **GRANTED**, 25 **GRANTED** (except as to "light source")<br>• 15:2-3 **GRANTED** (except as to "light output"), 5-13 **DENIED**, 15-16 **DENIED**, 21-23 **DENIED** | |

5

**B.     Seagate's Motion to Seal re Joint Discovery Dispute Letter**

Seagate filed an administrative motion to consider whether another party's material should be sealed in connection with a discovery dispute regarding AON's responses to Seagate's Interrogatories Nos. 1, 2, 4, and 12.  Dkt. No. 104.  AON filed a statement in support of sealing the material at issue, stating that the information identified "contain[s] sensitive descriptions of AON's core trade secrets" and "proprietary knowledge, techniques, parameters, and optimized properties related to magnetic data storage operations, media optimization, dopant properties, and near-field optics."  Dkt. No. 109 at 2.  Seagate filed a response to this statement, opposing sealing of generic words, Seagate's interrogatory requests to AON, and certain interrogatory responses by AON.  Dkt. No. 110 at 2-3.

The Court agrees with Seagate that good cause does not exist to seal generic words and certain interrogatory requests and responses.  The Court grants, in part, and denies, in part, AON's requests to seal as follows:

| Document | Portion for Which Sealing Is Sought and Ruling |
|---|---|
| Dkt. No. 105-1 (Exhibit A to the Parties' Joint Discovery Dispute Letter) | Passages on pages:<br>• 9:9-10, 15-16 **GRANTED**<br>• 11:22-12:4 **DENIED**<br>• 14:11-13 **GRANTED** (except as to "creating a uniform thermal spot size on a recording medium by manipulating optical properties of the recording light"), 15-16 **GRANTED**<br>• 15:6-7, 11-12 **DENIED**<br>• 16:15-17:11 **DENIED**<br>• 37:5-11, 13-14, 19-21, 23-28 **DENIED**<br>• 38:1, 8-10, 18-28 **DENIED** |

**C.     AON's Motion to Seal re Stipulation to Enlarge Time for AON to Comply With Court's September 25, 2025 Order re August 22, 2025 Discovery Dispute**

In connection with the parties' stipulated request to enlarge time for AON to comply with the Court's September 25, 2025 order regarding an August 22, 2025 discovery dispute, AON filed an administrative motion to seal certain portions of the declaration accompanying the stipulated request.  Dkt. No. 125.  AON contends that the identified portions should be sealed because they "reflect personal health information that is intimate in nature and identifiable as to a certain

6

1    individual at AON." *Id.* at 1.  AON reports that Seagate does not oppose this sealing request.  *Id.*

2    The Court concludes there is good cause to seal the requested information.  Accordingly,

3    the Court grants AON's motion to seal in connection with the parties' stipulated request.

### III.   CONCLUSION

Where the Court has denied a party's request to seal, in whole or in part, that party shall file a revised public version of the document at issue, with appropriate redactions, in accordance with the determinations above, by **October 22, 2025**.

**IT IS SO ORDERED.**

Dated: October 8, 2025

Virginia K. DeMarchi
United States Magistrate Judge