UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCESS OPTICAL NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY LLC, <br><br> Defendant. | Case No. 24-cv-03745-EKL <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 173 |

In this trade secret misappropriation case, the Court granted summary judgment for Defendant Seagate Technology LLC ("Seagate") because Plaintiff Access Optical Networks, Inc. ("AON") waited too long to bring its claims. Between 2012 and 2015, AON disclosed its trade secrets to Seagate as part of a potential collaboration that never came to fruition. *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-cv-03745-EKL, 2025 WL 3251630, at *1-2 (N.D. Cal. Nov. 21, 2025) ("MSJ Order"). In 2018, AON began to suspect misappropriation when Seagate released a new product to select customers. *Id*. at *2. By December 2018, AON had investigated the potential misappropriation, retained counsel, and confronted Seagate. *Id*. Seagate denied any wrongdoing, and despite its "diligent efforts," AON was unable to obtain a copy of Seagate's product to confirm its suspicion. *Id*. AON ultimately brought this action on May 17, 2024, after learning new information that confirmed its prior suspicions. *See id*. After seven months of discovery, Seagate moved for summary judgment, arguing that AON's claims were time-barred. The Court held that the "undisputed facts demonstrate that AON's claims accrued no later than 2018," when AON first investigated them. MSJ Order at *4.

Seagate now moves for attorneys' fees. Mot. for Attorneys' Fees, ECF No. 173. Having reviewed the parties' briefs and relevant authority, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). The motion is DENIED.

United States District Court
Northern District of California

Seagate bases its fee request on four separate authorities. First, under the California Uniform Trade Secrets Act ("CUTSA"), the court "may award reasonable attorney's fees and costs to the prevailing party" if a plaintiff makes a misappropriation claim "in bad faith." Cal. Civ. Code § 3426.4. A claim is made in bad faith if it is objectively specious and if the plaintiff acted in "subjective bad faith in bringing or maintaining the claim." *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007) (quoting *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal. App. 4th 1249, 1262 (2002)). Second, the Defend Trade Secrets Act ("DTSA") contains a parallel fee award provision. *See* 18 U.S.C. § 1836(b)(3)(D). Courts "have regularly applied California's definition of bad faith" to fee requests under the DTSA. *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 20-cv-06846-EJD, 2025 WL 2209999, at *2 (N.D. Cal. Aug. 4, 2025) (collecting cases). Third, 28 U.S.C. § 1927 empowers a court to award fees against attorneys who "unreasonably and vexatiously" multiply proceedings if the court finds "subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation modified). Finally, a court may exercise its "inherent authority" to award attorneys' fees upon a finding of bad faith, which "requires proof of bad intent or improper purpose." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). In sum, to award Seagate fees under any of these authorities, the Court must find subjective bad faith.

Courts may infer subjective bad faith from evidence that the plaintiff "intended to cause unnecessary delay, filed the action to harass [the defendant], or harbored an improper motive," or "where the plaintiff proceeds to trial after the action's fatal shortcomings are revealed by opposing counsel."[1] *FLIR Sys., Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1278 (2009); *see also Blixseth*, 796 F.3d at 1007 (discussing sanctions under 28 U.S.C. § 1927). Here, Seagate primarily asks the Court to infer subjective bad faith because AON's claims were clearly time-barred, and because discovery was contentious. Neither argument is persuasive.

First, AON's legal position on the statute of limitations was not so objectively specious that the Court may infer subjective bad faith. AON never concealed the fact that it began to

---

[1] Direct evidence of subjective bad faith is rarely available, and Seagate offers none here.

United States District Court
Northern District of California

suspect misappropriation in 2018. Indeed, AON candidly acknowledged its suspicions in the original complaint. Compl. ¶¶ 7, 53-54, ECF No. 1-1. Throughout the litigation, AON consistently argued that its claims were timely because AON conducted a reasonable investigation in 2018, which failed to corroborate AON's suspicions. *See* Opp. to Mot. for Summ. J. at 5-7, ECF No. 134. Thus, it appears that AON brought and maintained this case based on "a faulty but genuine belief" that its claims were timely.[2] *Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc.*, 664 F. Supp. 3d 1142, 1160 (S.D. Cal. 2023). It was not unreasonable for AON to await judicial resolution of the statute of limitations issue, instead of voluntarily dismissing its claims as Seagate requested. *See* Mot. at 5. Additionally, the evidence at summary judgment reflects that AON subjectively believed that Seagate misappropriated its trade secrets. MSJ Order at *4-6. This evidence suggests that AON brought the case as a legitimate effort to vindicate trade secrets, not as a vehicle for harassment. Overall, AON's conduct was "consistent with the normal scope of vigorous advocacy." *Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1071 (9th Cir. 2016).

Second, AON's conduct in discovery warrants an admonishment, not a fee award. The Court notes that all three discovery disputes in this case were brought by ***Seagate***, not AON, which blunts the accusation that AON used this case as a vehicle for harassment or to drive up litigation costs. Moreover, each dispute resulted in only a partial victory for Seagate. In ruling on Seagate's first motion to compel, Magistrate Judge DeMarchi ordered AON to amend its disclosures as to seven trade secrets but allowed discovery to proceed on fifteen others. *See* Order at 9, ECF No. 68. AON fared worse on the second motion to compel: Judge DeMarchi found that AON cured only one of the seven deficient disclosures, and that AON improperly disclosed new trade secrets without obtaining leave of court. Order at 8-9, ECF No. 119. Nonetheless, Judge

---

[2] Seagate's cases are distinguishable. *See Gabriel Techs. Corp. v. Qualcomm Inc.*, 560 F. App'x 966, 973-74 (Fed. Cir. 2014) (affirming finding of bad faith where plaintiff made "seven failed attempts" to articulate its trade secrets and "obstinately refused to abandon" its claims despite "unequivocal evidence" that they were time-barred); *CRST Van Expedited Inc.*, 479 F.3d at 1112 (affirming finding of bad faith where plaintiff had "no response" to address the shortcomings of its claims, and ultimately abandoned them); *Elite Semiconductor, Inc.,* 2025 WL 2209999, at *4 (inferring subjective bad faith where plaintiff litigated the case for four years based on a "demonstrably false" allegation); *Alamar Bioscis., Inc. v. Difco Labs., Inc.*, No. S-94-1856 DFL PAN, 1996 WL 784495, at *1-2 (E.D. Cal. Feb. 27, 1996) (inferring subjective bad faith where plaintiff asserted a "clearly time-barred" claim that it failed to reasonably investigate).

United States District Court
Northern District of California

DeMarchi denied Seagate's request for sanctions. *Id.* Seagate also obtained a partial victory on the third discovery dispute. *See* Order, ECF No. 123 (ordering AON to supplement its responses to three of four disputed interrogatories). Parties and their counsel should endeavor to litigate cases more efficiently than AON did here. Nonetheless, based on the mixed results on the discovery disputes, the Court does not find that AON took baseless positions, unreasonably resisted discovery, or acted in subjective bad faith.

Because Seagate has not shown that AON acted in subjective bad faith, the motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
Eumi K. Lee
United States District Judge